IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| SHERMAN WILLIAMS, | : | MOTION TO VACATE |
| BOP No. 60439-019, | : | 28 U.S.C. § 2255 |
| Movant pro se, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 4:09-CR-11-HLM-WEJ-2 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 4:14-CV-262-HLM-WEJ |

## **FINAL REPORT AND RECOMMENDATION**

Movant, Sherman Williams, submitted a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [171] ("Motion to Vacate"). The government filed a Response in opposition [181], and movant filed a Reply [184]. For the reasons stated below, the undersigned **RECOMMENDS** that the Motion to Vacate be **DENIED** and a certificate of appealability be **DENIED**.

## I.     BACKGROUND

The United States Court of Appeals for the Eleventh Circuit summarized the facts of movant's criminal case as follows:

> [Movant] owned a business that provided cleaning services to a bank. Evidence adduced at trial established that [movant] and his co-defendant, Arthaniel Smith, gained late-night access to the bank using a key that [movant] obtained for purposes of cleaning the bank. [Movant] and Smith waited overnight in the bank and then forced a teller to open the

AO 72A
(Rev.8/82)

vault in the morning. [Movant] and Smith took $219,180 from the vault and left the bank. Police apprehended [movant] and Smith shortly thereafter. Both [movant] and Smith spoke with police and admitted committing the robbery.

[Movant] was indicted on two counts: armed bank robbery and brandishing a firearm during a crime of violence. At trial, [movant] testified that Smith forced him to commit the robbery against his will by threatening to kill [movant] if he did not participate. The jury convicted [movant] on both counts.

United States v. Williams, 437 F. App'x 792, 794 (11th Cir. 2011) (per curiam).

On December 17, 2009, the District Court sentenced movant to a total effective term of 219 months of imprisonment, followed by five years of supervised release [66]. Movant appealed, and the Eleventh Circuit affirmed his convictions but remanded the case for resentencing [87]. Williams, 437 F. App'x at 795. On December 6, 2011, the District Court imposed the same sentence as it had two years beforehand [100]. Movant appealed, and the Eleventh Circuit again remanded the case for resentencing [130]. On February 20, 2014, the District Court sentenced movant to a total effective term of 192 months of imprisonment, followed by five years of supervised release [153]. Movant appealed, and the Eleventh Circuit affirmed the sentence on September 17, 2014 [168]. See United States v. Williams, 579 F. App'x 954 (11th Cir. 2014) (per curiam).

2

Movant executed his Motion to Vacate on October 15, 2014. (Mot. Vacate 7.) The government does not dispute that the Motion to Vacate is timely pursuant to 28 U.S.C. § 2255(f).

## II. STANDARD OF REVIEW

A motion to vacate, set aside, or correct sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). "[C]ollateral review is not a substitute for a direct appeal . . . ." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Id. (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988) (per curiam)) (internal quotation marks omitted).

A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." Tarver v. United States, 344 F. App'x 581, 582 (11th Cir. 2009) (per curiam) (quoting Wright v. United States, 624 F.2d 557, 558 (5th Cir.

3

1980)). The Court need not conduct an evidentiary hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b).

The undersigned **REPORTS** that an evidentiary hearing is not needed because the Motion to Vacate and record in this case conclusively show that movant is not entitled to relief.

### III. DISCUSSION

Movant asserts three grounds in his Motion to Vacate: (1) he received ineffective assistance of trial counsel (ground one); (2) the District Court improperly enhanced movant's sentence (ground two); and (3) the government suppressed evidence favorable to him (ground three). (Mot. Vacate 5.)

#### A. Ground One

In order to demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). As to the first prong, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged

4

action might be considered sound trial strategy." Id. at 689 (internal quotation marks omitted). As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." Id. at 697.

Movant claims that trial counsel provided ineffective assistance by "failing to investigate and present all mitigating evidence" to establish that movant acted under the duress of co-defendant Smith. (Mot. Vacate 8-9.) Specifically, movant cites (1) a Federal Bureau of Investigation ("FBI") summary of an interview with the victim bank teller, and (2) a Paulding County Sheriff's Office report. (Id. at 8-9, 25-28, 29-30.) Neither the FBI summary nor the Sheriff's Office report establishes that movant acted under Smith's duress.[1] Therefore, trial counsel did not perform deficiently with respect

---

[1] In addition, neither document establishes that movant is actually innocent, as he claims. (Mot. Vacate 11-12.) Movant incorrectly states that the bank teller "could not associate [movant] with" a handgun. (Id. at 9.) In fact, the FBI summary states that the teller "saw that both [movant and Smith] had black handguns." (Id. at 25.) Movant notes that the Sheriff's Office report states that he did not possess a gun at the time of his arrest in a vehicle with Smith. (Id. at 9, 29-30.) However, two guns were later found in the vehicle. (Tr. [167] 10.) See Williams, 437 F. App'x at 794.

5

to those documents. The undersigned notes the Eleventh Circuit's determination that there was sufficient evidence against movant:

> Evidence adduced at trial established that [movant] pointed a gun at the bank teller and instructed her to open the vault; walked the teller to the security panel to disarm the vault alarm; and drove the getaway car. Police found loaded guns, a glove covered in dye from the bank's dye pack, and an identification card for [movant] in the getaway car. [Movant] stated in his police interview that he carried a gun during the robbery, exercised free will in choosing to participate in the crime with [Smith], knew the bank's schedule because he used to clean it, and participated in planning the robbery with [Smith].
>
> [Movant] testified at trial that he did not carry a gun and was coerced into participation by [Smith]. But when a defendant chooses to testify, he runs the risk that if disbelieved the jury might conclude the opposite of his testimony is true. . . . The jury had sufficient evidence from which to conclude that [movant] committed the charged offenses . . . .

Williams, 437 F. App'x at 794 (citation and internal quotation marks omitted).[2] In light of the evidence cited by the Eleventh Circuit, the FBI summary and the Sheriff's Office report would not have affected the outcome of movant's criminal case.

---

[2] Movant may not challenge the sufficiency of the evidence via the Motion to Vacate. "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) (quoting United States v. Natelli, 553 F.2d 5, 7 (2d Cir. 1977)).

AO 72A (Rev.8/82)

Movant also claims that trial counsel provided ineffective assistance by failing to file a motion for judgment of acquittal in order to obtain a more favorable standard of review of the sufficiency of the evidence on appeal. (Mot. Vacate 9-10.) If trial counsel had filed that motion and the District Court denied it, the Eleventh Circuit would have "view[ed] the evidence in the light most favorable to the prosecution [and examined whether] <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>United States v. Eckhardt</u>, 466 F.3d 938, 944 (11th Cir. 2006) (quoting <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979)). Because trial counsel did not file a motion for judgment of acquittal, the Eleventh Circuit reviewed movant's claim of insufficient evidence only for "a manifest miscarriage of justice." <u>Williams</u>, 437 F. App'x at 794 (citation omitted). The Eleventh Circuit determined that movant had failed to show a manifest injustice. <u>Id.</u>

Even if trial counsel should have filed a motion for judgment of acquittal in order to obtain a more favorable standard of review of the sufficiency of the evidence on appeal, movant has not shown a reasonable probability of a different outcome. Considering the evidence as summarized by the Eleventh Circuit, the jury rationally found movant guilty beyond a reasonable doubt. Therefore, trial counsel's failure to file a motion for judgment of acquittal did not constitute ineffective assistance.

AO 72A
(Rev.8/82)

Accordingly, the undersigned **RECOMMENDS** that ground one of the Motion to Vacate be **DENIED**.

### B.     Ground Two

Movant claims that his sentence violates Alleyne v. United States, 133 S. Ct. 2151 (2013), in which the United States Supreme Court determined that "any fact that increases [a] mandatory minimum [sentence] is an 'element' that must be submitted to the jury." Alleyne, 133 S. Ct. at 2155.  (Mot. Vacate 10-11.)  Movant argues that his sentencing enhancement for physically restraining the bank teller is an element that should have been submitted to the jury.  (Id.)[3]

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge" unless the movant "overcome[s] this procedural default by showing both cause for his default as well as demonstrating actual prejudice suffered as a result of the alleged error." Black v. United States, 373 F.3d 1140, 1142 (11th Cir. 2004).  "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external

---

[3] Movant also states that he "should never have received a mandatory 84 months for brandishing a gun . . . ." (Mot. Vacate 11.) Movant is incorrect because the jury convicted him of brandishing a firearm during a crime of violence pursuant to 18 U.S.C. § 924(c)(1)(A)(ii), and that crime carries a mandatory minimum sentence of seven years.  See Williams, 437 F. App'x at 794.

8

to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [his] own conduct." Lynn, 365 F.3d at 1235. To demonstrate actual prejudice, a movant must show that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Reece v. United States, 119 F.3d 1462, 1467 (11th Cir. 1997) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

As an alternative to showing cause and actual prejudice, a § 2255 movant may overcome a procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Lynn, 365 F.3d at 1234-35 (quoting Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994) (per curiam)) (internal quotation marks omitted). "[A]ctual innocence means factual innocence, not mere legal innocence." Id. at 1235 n.18 (citing Bousley v. United States, 523 U.S. 614, 623 (1998)) (internal quotation marks omitted).

Ground two is procedurally defaulted because movant failed to raise the alleged violation of Alleyne on direct appeal. In attempting to show cause for the default, movant claims that appellate counsel provided ineffective assistance by refusing to raise Alleyne. (Reply 15.) However, appellate counsel did not perform deficiently by declining to raise Alleyne. Movant's sentence does not violate Alleyne because the

9

challenged enhancement for physically restraining the bank teller is not a "fact that increases [a] mandatory minimum [sentence] . . . ." Alleyne, 133 S. Ct. at 2155. The enhancement applies to movant's bank robbery conviction under 18 U.S.C. § 2113(a) & (d), for which there is no mandatory minimum sentence. (See Tr. [79] 16; Tr. [167] 3.) "A lawyer cannot be deficient for failing to raise a meritless claim." Frederick v. Dep't of Corr., 438 F. App'x 801, 803 (11th Cir. 2011) (per curiam) (citing Freeman v. Att'y Gen. 536 F.3d 1225, 1233 (11th Cir. 2008)). Therefore, movant did not receive ineffective assistance of appellate counsel. Movant fails to overcome the procedural default of ground two because he neither (1) shows cause and actual prejudice, nor (2) presents proof of actual innocence.

Accordingly, the undersigned **RECOMMENDS** that ground two of the Motion to Vacate be **DENIED**.

### C. Ground Three

Movant claims that the government violated Brady v. Maryland, 373 U.S. 83 (1963), by suppressing the FBI summary and the Sheriff's Office report, which are allegedly favorable to him. (Mot. Vacate 12.) However, as the government points out, (1) there is no evidence of suppression, and (2) those documents are not favorable to

movant. (Resp. 20-22.) The undersigned has already determined that those documents would not have affected the outcome of movant's criminal case. See supra Part III.A.

Accordingly, the undersigned **RECOMMENDS** that ground three of the Motion to Vacate be **DENIED**.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner

11

> shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

<u>Jimenez v. Quarterman</u>, 555 U.S. 113, 118 n.3 (2009) (citing <u>Slack</u>, 529 U.S. at 484) (internal quotation marks omitted).

The undersigned **RECOMMENDS** that a certificate of appealability be denied because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a certificate of appealability, movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

### V.   CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion to Vacate [171] be **DENIED** and a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED**, this 26th day of October, 2015.

*Walter E. Johnson*
_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

12

AO 72A
(Rev.8/82)