IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

SHERMAN WILLIAMS,

v.

CRIMINAL ACTION FILE NO.: 4:09-CR-11-02-HLM-WEJ

CIVIL ACTION FILE NO.: 4:14-CV-0262-HLM-WEJ

UNITED STATES OF AMERICA.

ORDER

This case is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, which Petitioner filed under 28 U.S.C.A. § 2255 ("§ 2255 Motion") [171], on the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [194], and on Petitioner's Objections to the Final Report and Recommendation [196].

**I.   Standard of Review**

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make

AO 72A
(Rev.8/8
2)

a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court therefore must conduct a de novo review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006); Jeffrey S. by Ernest S. v. State Bd. of Educ., 896 F.2d 507, 513 (11th Cir. 1990); United States v. Gaddy, 894 F.2d 1307, 1315 (11th Cir. 1990); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988). If no party files a timely objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. Macort, 208 F. App'x at 784. Legal conclusions, of course, are subject to de novo review even if no party specifically objects. United States v. Keel, 164 F. App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

AO 72A
(Rev.8/8
2)

## II.   Background

On March 17, 2009, a federal grand jury sitting in the Northern District of Georgia returned an indictment against Petitioner and his co-defendant. (Docket Entry No. 1.) Count one of the indictment charged Petitioner and his co-defendant with armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) and 2. (Id. at 1.) Count two of the indictment charged Petitioner and his co-defendant with brandishing a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (2). (Id. at 2.)

Petitioner proceeded to a trial before a jury on October 5, 2009. (Docket Entry No. 52.) On October 7, 2009, the jury found Petitioner guilty on counts one and two. (Docket Entry No. 57.) On December 18, 2009, Senior United States District Judge Robert L. Vining, Jr. entered a Judgment and Commitment Order sentencing Petitioner to 135 months of imprisonment on count one, to be followed by five years of supervised release, and to eighty-four months of imprisonment on count two, to run consecutively with the

3

term of imprisonment imposed on count one, and to be followed by five years of supervised release, to run concurrently with the supervised release term imposed on count one. (Docket Entry No. 66.) Petitioner thus received a total effective sentence of 219 months. (Id.)

Petitioner appealed. (Docket Entry No. 68.) The United States Court of Appeals for the Eleventh Circuit affirmed in part, vacated in part, and remanded the case to Judge Vining for resentencing. (Docket Entry No. 87.)

On December 20, 2011, Judge Vining entered another Judgment and Commitment Order sentencing Petitioner to 135 months of imprisonment on count one, to be followed by five years of supervised release, and to eighty-four months of imprisonment on count two, to run consecutively to the term of imprisonment imposed on count one, and to be followed by five years of supervised release, to run concurrently with the supervised release

4

term imposed on count one. (Docket Entry No. 100.) Petitioner thus received a total effective sentence of 219 months. (Id.)

Petitioner appealed again. (Docket Entry No. 101.) The Eleventh Circuit granted the Government's motion to vacate Petitioner's sentence and remand the matter to Judge Vining. (Docket Entry No. 130.) On February 20, 2014, Judge Vining issued a Judgment and Commitment Order sentencing Petitioner to 108 months of imprisonment on count one, to be followed by five years of supervised release, and to eighty-four months of imprisonment on count two, to run consecutively to the term of imprisonment imposed on count one, and to be followed by five years of supervised release, to run concurrently with the supervised release term imposed on count one. (Docket Entry No. 153.)[1]

---

[1] In the meantime, Petitioner filed a petition for a writ of mandamus with the Eleventh Circuit, complaining that Judge Vining had unreasonably delayed resentencing him. (Docket Entry No. 147.) The Eleventh Circuit found that Petitioner's mandamus petition was not frivolous, but held the petition in abeyance for thirty days to allow Judge Vining to schedule a resentencing hearing. (Id. at 2-3.) The Eleventh Circuit, however, found that Petitioner was

Petitioner thus received a total effective sentence of 192 months. (Id.)

Petitioner appealed again. (Docket Entry No. 155.) The Eleventh Circuit affirmed Petitioner's convictions and sentences. (Docket Entry No. 165.)

On October 20, 2014, the Clerk received Petitioner's § 2255 Motion. (Docket Entry No. 171.) On that same date, the Clerk reassigned the case to the undersigned in light of Judge Vining's retirement. (Docket Entry No. 173.) Petitioner asserts three grounds for relief in his § 2255 Motion: (1) his trial counsel provided ineffective assistance ("Ground One"); (2) Judge Vining improperly enhanced his sentence ("Ground Two"); and (3) the Government suppressed evidence favorable to him ("Ground Three"). (§ 2255 Motion (Docket Entry No. 171) at 5.)

---

not entitled to mandamus relief to remove Judge Vining from this action. (Id. at 3.)

6

On October 26, 2015, Judge Johnson issued his Final Report and Recommendation. (Docket Entry No. 194.)[2] Judge Johnson recommended that the Court deny Petitioner's § 2255 Motion. (See generally id.)

Petitioner has filed Objections to the Final Report and Recommendation. (Docket Entry No. 196.) The Court finds that no response from the Government is necessary, and concludes that the matter is ripe for resolution.

---

[2]Petitioner, apparently displeased with the time required to resolve the issues presented by his § 2255 Motion, filed a petition for a writ of mandamus with the Eleventh Circuit. (Docket Entry No. 191-92.) The Eleventh Circuit denied Petitioner's request to proceed in forma pauperis in connection with that petition, finding that the petition was frivolous. (Docket Entry No. 191.) The Court observes that, while the Court and Judge Johnson's office certainly aspire to resolve § 2255 Motions in a timely fashion, the workloads of both offices sometimes make it impossible to resolve § 2255 Motions as quickly as petitioners would like. As the Eleventh Circuit noted, a seven month delay (or, in this case, a nine-month delay) between the last substantive filing and the issuance of an Order or Final Report and Recommendation on an issue is not an unreasonable delay that would justify mandamus relief. (Id. at 3.)

7

AO 72A
(Rev.8/8
2)

## III. Discussion

### A. Factual Summary

The Eleventh Circuit gave the following summary of the facts of Petitioner's criminal case:

> [Petitioner] owned a business that provided cleaning services to a bank. Evidence adduced at trial established that [Petitioner] and his co-defendant, Arthanial Smith, gained late-night access to the bank using a key that [Petitioner] obtained for purposes of cleaning the bank. [Petitioner] and Smith waited overnight in the bank and then forced a teller to open the vault in the morning. [Petitioner] and Smith took $219,180 from the vault and left the bank. Police apprehended [Petitioner] and Smith shortly thereafter. Both [Petitioner] and Smith spoke with police and admitted committing the robbery.
>
> [Petitioner] was indicted on two counts: armed bank robbery and brandishing a firearm during a crime of violence. At trial, [Petitioner] testified that Smith forced him to commit the robbery against his will by threatening to kill [Petitioner] if he did not participate. The jury convicted [Petitioner] on both counts.

United States v. Williams, 437 F. App'x 792, 794 (11th Cir. 2011) (per curiam). To the extent that Petitioner objects to the statement that he admitted committing the robbery, the Court overrules that

Objection. (Objections (Docket Entry No. 196) at 2.) Further, as discussed infra, the Court rejects Petitioner's contention in his Objections that he acted under duress from his co-defendant, Smith. (Id. at 2-4.)

### B. Standard of Review for a § 2255 Motion

The Court applies the same standard of review as set forth in the Final Report and Recommendation. (Final Report & Recommendation (Docket Entry No. 194) at 3-4.) The Court agrees with Judge Johnson "that an evidentiary hearing is not needed because the [§ 2255 Motion] and record in this case conclusively show that [Petitioner] is not entitled to relief." (Id. at 4.) To the extent that Petitioner objects to this decision, the Court overrules the Objection. (Objections at 8-10.)

### C. Ground One

Judge Johnson correctly set forth the standard for obtaining relief based on alleged ineffective assistance of counsel. (Final Report & Recommendation at 4-5.) Judge Johnson also properly

9

found that Petitioner failed to establish an ineffective assistance of counsel claim based on his contention that his trial counsel failed to investigate and present mitigating evidence, including a Federal Bureau of Investigation ("FBI") summary of an interview with a bank teller and a Paulding County Sheriff's Office ("PCSO") report, to show that Petitioner acted under duress from co-defendant Smith. (Id. at 5-8.) As Judge Johnson pointed out, neither of those documents establish that Petitioner acted under Smith's duress. (Id. at 5.) Further, neither of those documents show that Petitioner is actually innocent. (Id. at 5 n.1.) To the extent that Petitioner contends otherwise in his Objections, the Court overrules the Objections. (Objections at 2-4.) Under those circumstances, Judge Johnson correctly concluded that trial counsel did not perform deficiently as to those documents. (Final Report & Recommendation at 5-6.)

In any event, the Eleventh Circuit found that sufficient evidence existed to support Petitioner's conviction, noting:

10

> Evidence adduced at trial established that [Petitioner] pointed a gun at the bank teller and instructed her to open the vault; walked the teller to the security panel to disarm the vault alarm; and drove the getaway car. Police found loaded guns, a glove covered in dye from the bank's dye pack, and an identification card for [Petitioner] in the getaway car. [Petitioner] stated in his police interview that he carried a gun during the robbery, exercised free will in choosing to participate in the crime with his co-defendant, knew the bank's schedule because he used to clean it, and participated in planning the robbery with his co-defendant.
>
> [Petitioner] testified at trial that he did not carry a gun and was coerced into participation by his co-defendant. But "when a defendant chooses to testify, he runs the risk that if disbelieved 'the jury might conclude the opposite of his testimony is true.'" United States v. Brown, 53 F.3d 312, 314 (11th Cir. 1995) (quoting Atkins v. Singletary, 965 F.2d 952, 961 n.7 (11th Cir. 1992)). The jury had sufficient evidence from which to conclude that Defendant committed the charged offenses; no manifest injustice has been shown.

Williams, 437 F. App'x at 794. Given the evidence cited by the Eleventh Circuit, the Court agrees with Judge Johnson that "the FBI summary and the [PCSO] report would not have affected the outcome of [Petitioner's] criminal case." (Final Report &

11

Recommendation at 6.)³ To the extent that Petitioner argues otherwise in his Objections, the Court overrules the Objection. (Objections at 2-4.)

Petitioner further argues that his trial counsel provided ineffective assistance by failing to file a motion for judgment of acquittal to obtain a more favorable standard of review of the sufficiency of the evidence on appeal. (§ 2255 Motion at 9-10.) The Court agrees with Judge Johnson that Petitioner is not entitled to relief based on this contention. (Final Report & Recommendation at 7.) As Judge Johnson pointed out:

> Even if trial counsel should have filed a motion for judgment of acquittal in order to obtain a more favorable standard of review of the sufficiency of the evidence on appeal, [Petitioner] has not shown a reasonable probability of a different outcome. Considering the evidence as summarized by the Eleventh Circuit, the jury rationally found [Petitioner] guilty beyond a reasonable doubt. Therefore, trial counsel's failure to file a motion

---

³Judge Johnson also correctly noted that Petitioner could not challenge the sufficiency of the evidence via his § 2255 Motion, as that issue was decided adversely to Petitioner on direct appeal. (Final Report & Recommendation at 6 n.2.)

12

for judgment of acquittal did not constitute ineffective assistance.

(Id.) To the extent that Petitioner argues otherwise in his Objections, the Court overrules the Objection.

In sum, Judge Johnson correctly found that Petitioner could not obtain relief under § 2255 based on Ground One of his § 2255 Motion. The Court therefore adopts this portion of the Final Report and Recommendation, overrules Petitioner's corresponding Objections, and denies the § 2255 Motion as to this claim.

### D. Ground Two

In Ground Two, Petitioner argues that his sentence violates Alleyene v. United States, 133 S. Ct. 2151 (2013). (§ 2255 Motion at 10-11.) In Alleyene, the Supreme Court determined that "any fact that increases [a] mandatory minimum [sentence] is an 'element] that must be submitted to the jury." Alleyene, 133 S. Ct. at 2155. According to Petitioner, his sentencing enhancement for physically restraining the bank teller is an element that should have

13

been submitted to the jury. (§ 2255 Motion at 10-11.)[4] Judge Johnson correctly found that this claim is procedurally barred. (Final Report & Recommendation at 8-10.) Petitioner therefore cannot obtain relief under § 2255 based on Ground Two. To the extent that Petitioner argues otherwise in his Objections, the Court

---

[4]To the extent that Petitioner complains that he "should never have received a mandatory 84 months for brandishing a gun," this argument fails. (§ 2255 Motion at 11.) The jury convicted Petitioner of brandishing a firearm during a crime of violence under 18 U.S.C. § 924(c)(1)(A). Williams, 437 F. App'x at 794. That crime carries a mandatory minimum sentence of seven years. See 18 U.S.C. § 924(c)(1)(A) ("Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carried a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years[.]"). With all due respect to Petitioner, nothing in his Objections warrants a different conclusion. (Objections at 4-6.) Similarly, nothing in Petitioner's Objections warrants a conclusion that Petitioner's sentence was improperly calculated. (Id.)

14

overrules the Objections. (Objections at 4-6.) The Court therefore adopts this portion of the Final Report and Recommendation and denies this portion of Petitioner's § 2255 Motion.

### E. Ground Three

In Ground Three, Petitioner argues that the Government violated Brady v. Maryland, 373 U.S. 83 (1963), by suppressing the FBI summary and the PCSO report. (§ 2255 Motion at 12.) The Court agrees with Judge Johnson that "(1) there is no evidence of suppression, and (2) those documents are not favorable to [Petitioner]." (Final Report & Recommendation at 10-11.) With all due respect to Petitioner, nothing in his Objections warrants a different result. (Objections at 6-10.) Further, Petitioner is not entitled to an evidentiary hearing on this issue. (Id. at 8-10.) Petitioner therefore cannot obtain relief under § 2255 based on this argument.[5] The Court consequently adopts this portion of the Final

---

[5] The Court rejects Petitioner's contention that his sentence was improperly calculated. (Objections at 9-10.)

Report and Recommendation, and denies this portion of Petitioner's § 2255 Motion.

### F. Summary

For the reasons discussed above, the Court finds that Judge Johnson correctly evaluated Petitioner's § 2255 Motion. The Court therefore adopts the Final Report and Recommendation, overrules Petitioner's Objections, and denies Petitioner's § 2255 Motion. Further, the Court agrees with Judge Johnson that Petitioner is not entitled to a certificate of appealability (Final Report & Recommendation at 11-12), and the Court declines to issue one.

## IV. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [194], **OVERRULES** Petitioner's Objections to the Final Report and Recommendation [196], and **DENIES** Petitioner's § 2255 Motion [171]. The Court **DECLINES** to issue a certificate of

16

appealability. Finally, the Court **DIRECTS** the Clerk to **CLOSE** the civil case associated with Petitioner's § 2255 Motion: Civil Action File No. 4:14-CV-262-HLM-WEJ.

IT IS SO ORDERED, this the __12__ day of November, 2015.

_____
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/8
2)